UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| **TRAVIS JOHNSON** | : | **DOCKET NO. 1:22-CV-03611** |
| **VERSUS** | : | **JUDGE JAMES D CAIN, JR.** |
| **LIBERTY MUTUAL FIRE INSURANCE CO., ET AL.** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the Court is a *Liberty Mutual Fire Insurance Company, Liberty Mutual Insurance Company, and Liberty Personal Insurance Company's Rule 12(B)(6) Motion to Dismiss*. Doc. 17. The motion alleges that none of the three defendants in this matter issued a policy of insurance that provided coverage to plaintiff or the property named in the lawsuit. As of this date, there has been no response/opposition to the motion and the time for opposition briefing has now passed. *See* doc. 19 (setting briefing deadlines).

For the following reasons we **RECOMMEND** that the motion [doc. 17] be **DENIED.** We further

**RECOMMEND** to the district court that this matter be **DISMISSED WITHOUT PREJUDICE** for plaintiff's failure to prosecute and abide by the orders of the court, and that the judgment provide that this civil action may be reinstated within 30 days for good cause shown, per W.D. La. Loc. Civ. R. 41.3, with any such showing to be made in writing and filed into the record of this matter.

# I.
## BACKGROUND

This suit was filed on plaintiff's behalf by the firm McClenny Moseley & Associates, PLLC ("MMA"). Doc. 1. Plaintiff became a *pro se* litigant by operation of an order of this court styled "Order Terminating Former MMA Counsel from Proceedings, Designating Plaintiff a *Pro Se* Litigant, and Other Matters" (the "Termination Order"). Doc. 16. The Termination Order set a September 6, 2023, status conference that plaintiff was ordered to attend in person. The Termination Order additionally cautioned plaintiff that

> ***Should plaintiff fail to appear for this conference without having retained new counsel or without having sought to dismiss this suit by use of the attachment or otherwise, that failure to appear may result in adverse consequences such as a recommendation by the undersigned to the district court that the case be dismissed for failure of plaintiff to prosecute or abide by court orders.***

*Id.* (emphasis original).

Shortly before the status conference, defendants filed a motion to dismiss which argues that none of them issued a policy of insurance to defendant. Doc. 17.

Plaintiff did not appear at the status conference. Defendant appeared and requested that, in lieu recommending dismissal for plaintiff's failure to prosecute and abide by court orders, the the court take up the motion to dismiss after the briefing deadlines had passed. Doc. 21.

# II.
## DEFENDANTS' MOTION TO DISMISS

### A. Rule 12(B)(6) Standard

A motion filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure challenges the sufficiency of a plaintiff's allegations. When ruling on a 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true and construes all reasonable inferences in a light most favorable to the plaintiff or nonmoving party. *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635

F.3d 757, 763 (5th Cir. 2011); *Gogreve v. Downtown Develop. Dist.*, 426 F. Supp. 2d 383, 388 (E.D. La. 2006).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1960 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged [ . . . ] Determining whether a complaint states a plausible claim for relief [ . . . is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1949-50.

Although a court's review is generally limited to the pleadings in deciding a motion to dismiss, the court may also consider documents attached to the complaint and the motion to dismiss, provided such documents are central to the plaintiff's claim and are referred to in the complaint. *Lone StarFund V (U.S.), LP v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)).

Plaintiff's failure to oppose a Rule 12(b)(6) motion does not necessarily make dismissal proper. "Even if [plaintiff] had not briefed the issue at all, Rule 12 does not by its terms require an opposition; failure to oppose a 12(b)(6) motion is not in itself grounds for granting the motion. Rather, a court assesses the legal sufficiency of the complaint." *Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodeaux, Inc.*, 702 F.3d 794, 806 (5th Cir. 2012).

**B. Law and Analysis**

Plaintiff brings suit against three Liberty Mutual entities, refers to them collectively as "Defendant," and alleges that his property at "936 Hooper Road, [P]ineville, Louisiana 71360, was

insured against property damage by a policy of insurance issued and maintained by Defendant bearing policy number 24-CS-5246-3." Doc. 1, p. 1-2 (alteration added). The complaint also alleges that plaintiff, Travis Johnson, was at all times the owner of the insured property, and that the policy of insurance was in effect when the property was damaged by Hurricanes Laura and Delta in August and October, 2020. *Id.* at 1-5.

In their motion to dismiss, the defendants assert that "[n]one of the three defendant insurers insured the plaintiff under any policy number – much less the alleged policy number – nor did any of the three defendant insurers insure the subject property 936 Hooper Road, Pineville, Louisiana 71360." Doc. 17, att. 1, p. 2. Defendants note that "[a] separate entity, Safeco Insurance Company of Oregon [("Safeco")], who has not been named a defendant in this action, apparently insured the subject property under homeowners policy number OF1967854 issued to a person named Diane Shirley." Doc. 17, att. 1, p. 2, n. 1 (citing doc. 17, att. 1, declaration)(alterations added). Defendants support this assertion with the declaration of Temple Fournier, Senior Personal Lines Underwriting Manager, who explains that Safeco has certain parent corporations in common with the Liberty Mutual defendants. Doc. 17, att. 2. The Fournier declaration attaches a copy of the policy of insurance providing homeowners coverage to Diane Shirley for the property at 936 Hooper Rd., Pineville LA 71360, effective from February 12, 2020, to February 12, 2021, bearing policy number OF1967854. Doc. 17, att. 3.

The policy of insurance attached to the motion to dismiss cannot be said to be "central to the plaintiff's claim" and "referred to in the complaint" because the insurer, the insured, and the policy number all differ from the allegations of the complaint. *See Lone StarFund V (U.S.), LP v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). Accordingly, it is not properly considered on a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Further, the motion to dismiss asks the

court to determine that defendants issued no policy of insurance as alleged in the complaint, and this relief would be more properly sought by motion for summary judgment, which may be entered "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 106 S. Ct. 2548, 2552, (1986).

Although defendants' motion appears well founded, the court cannot convert it to a motion for summary judgment without "ample notice" to the non-moving party. *Boateng v. BP, P.L.C.*, 779 F. App'x 217, 220 (5th Cir. 2019) (quoting Trinity Marine Prods., Inc. v. United States, 812 F.3d 481, 487 (5th Cir. 2016)). *See also* Fed R. Civ. P. 12(d) ("All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."). Accordingly, the motion to dismiss will be denied.

### III.
### DISMISSAL FOR FAILURE TO PROSECUTE

As discussed above, the Termination Order instructed plaintiff of his responsibility to attend the status conference and to otherwise abide by court orders and rules, or risk dismissal of the case. After issuing the Termination Order, the court held the status conference on September 6, 2023, in Alexandria, Louisiana. Doc. 21. Plaintiff did not appear for the status conference as instructed. *Id.* Plaintiff has not contacted chambers regarding the case.

Rule 1 of the Federal Rules of Civil Procedure, defining the scope and purpose of the rules governing procedure in civil actions and proceedings, instructs us to construe, administer, and employ the rules "to secure the just, speedy, and inexpensive determination of every action and proceeding." Rule 41(b) of the Federal Rules of Civil Procedure "allows the district court to dismiss an action upon the motion of a defendant, or upon its own motion, for failure to prosecute." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992); *see also Campbell v. Wilkinson*,

988 F.3d 798, 801 (5th Cir. 2021) (discussing *Berry*). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash R. R. Co.*, 82 S. Ct. 1386, 1388 (1962). We will therefore recommend dismissal based on plaintiff's failure to prosecute and abide by court orders.

## IV.
### CONCLUSION

For the reasons set forth herein, we **RECOMMEND** to the district court that *Liberty Mutual Fire Insurance Company, Liberty Mutual Insurance Company, and Liberty Personal Insurance Company's Rule 12(B)(6) Motion to Dismiss* [doc. 17] be **DENIED**. We further

**RECOMMEND** to the district court that this matter be **DISMISSED WITHOUT PREJUDICE** for plaintiff's failure to prosecute and abide by the orders of the court, and that the judgment provide that this civil action may be reinstated within 30 days for good cause shown, per W.D. La. Loc. Civ. R. 41.3, with any such showing to be made in writing and filed into the record of this matter.

Under the provisions of 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure, parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglas v. United Services Automobile Ass'n,* 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 17th day of October, 2023.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE